IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH UNGUREANU &
DANIEL UNGUREANU,

      Plaintiffs,                    No. 2:12-cv-3109 GEB KJN PS

    v.

A. TEICHERT & SON, INC., and
RONALD WOLFSON,

      Defendants.                  ORDER AND
_____ /      FINDINGS AND RECOMMENDATIONS

        This action was originally filed by plaintiffs Elizabeth Ungureanu ("Elizabeth") and Daniel Ungureanu ("Daniel") (collectively, "plaintiffs") in the Sacramento County Superior Court on September 21, 2012. (Dkt. No. 1-1 at 4.) Subsequently, on December 28, 2012, defendant A. Teichert & Son, Inc. ("Teichert") filed a notice of removal of the action to federal court, invoking the court's federal question jurisdiction. (Dkt. No. 1.)[1] Plaintiffs proceed in this action without counsel.

        Presently pending before the undersigned is plaintiffs' motion to remand the action to state court, which was noticed for hearing on March 14, 2013. (Dkt. No. 7.) On

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  February 25, 2013, defendant Teichert filed an opposition to the motion to remand. (Dkt. No.
2  15.)
3       Additionally, on February 11, 2013, defendant Teichert filed a motion to dismiss
4  plaintiffs' claims against defendant Teichert pursuant to Federal Rule of Civil Procedure 12(b)(6)
5  for failure to state a claim upon which relief can be granted. (Dkt. No. 10.) Defendant Teichert's
6  motion to dismiss was also noticed for hearing before the undersigned on March 14, 2013. (Id.)
7  Plaintiffs failed to file a timely opposition to that motion. (Dkt. No. 16.) Instead, on March 13,
8  2013, the day before the hearing, plaintiffs filed a "Notice of Dismissal of All Federal Claims
9  Filed by the Plaintiffs and Motion to Remand the Civil Claims to State Court," discussed further
10 below. (Dkt. No. 20.)
11      At the March 14, 2013 hearing, plaintiffs failed to appear; attorney Larry
12 Kazanjian appeared on behalf of defendant Teichert; and attorney David van Dam appeared on
13 behalf of defendant Dr. Ronald Wolfson ("Wolfson"). (Dkt. No. 21.) After considering the
14 parties' briefing, the parties' oral argument, and appropriate portions of the record, the
15 undersigned recommends that plaintiffs' motion to remand the action to state court be denied,
16 that defendant Teichert's motion to dismiss be granted and plaintiffs' claims against defendant
17 Teichert be dismissed with prejudice, and that the remaining state law claims against defendant
18 Wolfson be remanded to state court.
19 BACKGROUND
20      Plaintiffs filed the instant action in the Sacramento County Superior Court on
21 September 21, 2012. (Dkt. No. 1-1 at 4; Dkt. No. 7 at 5.) Although the complaint is lengthy and
22 at times somewhat vague, plaintiffs essentially allege that plaintiff Daniel was working as a
23 certified heavy equipment operator for his employer, defendant Teichert, in May of 2004 when a
24 co-worker intentionally slammed into Daniel with a bulldozer while Daniel was operating a
25 scraper, resulting in Daniel suffering various injuries. Although Daniel reported the incident to
26 his supervisor, the supervisor at that time allegedly refused to file an incident report or open a

1  worker's compensation claim on Daniel's behalf, and the co-worker did not receive appropriate
2  discipline or training. (Dkt. No. 1-1 at 9-10.)
3         According to plaintiffs, multiple incidents of similar improper behavior by co-
4  workers took place in 2004-2005, resulting in further injuries and causing Daniel to eventually
5  stop working around July 11, 2005. Plaintiffs allege that although Daniel was required to take a
6  drug test after the incident(s), the responsible co-workers were not appropriately drug tested.
7  (See Dkt. No. 1-1 at 9-21.) Plaintiffs also claim that, during Daniel's employment by defendant
8  Teichert, Daniel's supervisor and co-workers harassed him about his Romanian descent and
9  called him "bobble head" or "rooster," because he moved his head constantly due to the neck
10 pain resulting from his injuries. (Id. at 14-16.)
11        Plaintiffs further allege that Daniel's last day at work was followed by many years
12 of dissatisfactory treatments and evaluations through the worker's compensation system.
13 According to plaintiffs, Daniel was improperly denied treatment; defendant Teichert improperly
14 influenced, and interfered with, the medical evaluations in Daniel's worker's compensation case;
15 and defendant Teichert, defendant Wolfson (one of the worker's compensation qualified medical
16 examiners involved), and others conspired to manipulate the worker's compensation system in an
17 attempt to deny or reduce Daniel's benefits. (Dkt. No. 1-1 at 18-21, 30-33.)
18        Plaintiffs' operative complaint asserts claims for employment discrimination
19 under 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e et seq., the Bane Civil Rights Act [Cal. Civ.
20 Code § 52.1], and the Ralph Civil Rights Act [Cal. Civ. Code § 51.7]; disability discrimination
21 under the Americans with Disabilities Act; negligent hiring; negligent supervision; negligent
22 retention; unfair or unlawful business practices [Cal. Bus. & Prof. Code §§ 17200 et seq.]; and
23 negligence against defendant Teichert; and claims for conspiracy and fraud against both
24 defendant Teichert and defendant Wolfson. (See generally Dkt. No. 1-1 at 21-33.) These claims
25 all concern Daniel, and although Elizabeth is named as a plaintiff, there are no actual claims
26 asserted by her.

1  Defendant Teichert was served with plaintiffs' state court complaint on November
2  29, 2012. (Dkt. No. 15-1, ¶ 3.) According to plaintiffs, defendant Wolfson was also served with
3  the complaint prior to December 12, 2012. (Dkt. No. 7 at 5.) Subsequently, on December 28,
4  2012, defendant Teichert filed its notice of removal of the action to federal court. (Dkt. No. 1.)
5  Plaintiffs then filed their motion to remand the action to state court on January 30, 2013, and
6  defendant Teichert filed its motion to dismiss on February 11, 2013. (Dkt. Nos. 7, 10.)
7  Thereafter, on March 13, 2013, defendant Wolfson also filed a motion to dismiss plaintiffs'
8  claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6), presently set for hearing
9  on April 18, 2013, before the undersigned. (Dkt. No. 19.)

10 DISCUSSION

11 Plaintiffs' Motion to Remand

12  Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court
13 of which the district courts of the United States have original jurisdiction, may be removed by the
14 defendant or the defendants, to the district court of the United States for the district and division
15 embracing the place where such action is pending."

16  In their motion to remand, plaintiffs do not dispute that this court has federal
17 question subject matter jurisdiction over this action, which includes several federal claims.
18 Instead, plaintiffs argue that defendant Teichert's removal of the action to federal court was
19 procedurally defective, because defendant Wolfson did not join in the notice of removal and the
20 notice of removal does not explain why all the defendants have not joined in the removal. (Dkt.
21 No. 7.) Plaintiffs also request that they be awarded their costs and expenses related to the
22 allegedly improper removal. (Id.)

23  Defendant Teichert contends that plaintiffs' motion to remand is untimely and
24 should be denied on that basis alone. That argument has merit. "A motion to remand the case on
25 the basis of any defect other than subject matter jurisdiction must be made within 30 days after
26 the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); N. Cal. Dist.

Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995); see also Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1239 (9th Cir. 1994) (holding that procedural removal defects were waived when a motion to remand based on such defects were filed three days late).

In this case, defendant Teichert's notice of removal was filed on December 28, 2012, which means that plaintiffs were required to file any motion to remand no later than January 27, 2013.[2] (Dkt. No. 1.) However, plaintiffs' motion to remand was only filed on January 30, 2013 – three days late. (Dkt. No. 7.) As such, any procedural defects in the removal were waived.

Additionally, along with its opposition to plaintiffs' motion to remand, defendant Teichert also submitted the remaining defendant Wolfson's "Notice of Non-Opposition to Notice of Removal of Civil Action to Federal Court," which was signed by counsel for defendant Wolfson. (Dkt. No. 15-1, Ex. 1.) In that notice, defendant Wolfson consents to the removal of the entire action to federal court, and states that he did not file a notice of removal "for the only reason that it did not appear that the Federal claims were directed to Dr. Wolfson." (Id.) See Destfino v. Reiswig, 630 F.3d 952, 956-57 (9th Cir. 2011) ("All defendants who have been properly...served in the action must join a petition for removal. If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment").

////

---

[2] Although the notice of removal was served on plaintiffs by mail, Federal Rule of Civil Procedure 6(d) does not extend the 30-day period of 28 U.S.C. § 1447(c). Rule 6(d) states that "[w]hen a party may or must act within a specified time after service and service is made under [federal rules providing for, *inter alia*, service by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). However, by its own terms, Rule 6(d) "applies only when a party is required to act within a prescribed period after *service*, not after *filing*." Borchers v. Standard Fire Ins. Co., 2010 WL 2608291, at *1 (N.D. Cal. Jun. 25, 2010) (unpublished) (citing Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995)).

5

Defendant Teichert also makes several arguments as to why it was not actually required to obtain the joinder of defendant Wolfson in the notice of removal, including that the claims against defendant Wolfson are not transactionally related to the claims against defendant Teichert for purposes of 28 U.S.C. § 1441(c)(2), and that defendant Teichert could not find any evidence that defendant Wolfson had been served with process at the time that the notice of removal was filed.  However, in light of the fact that any procedural defects were waived by plaintiffs' untimely motion to remand, and that all defendants now consent to the removal, the court declines to reach these additional arguments.

Finally, the court notes that it is not divested of subject matter jurisdiction over the action by plaintiffs' last-minute notice of dismissal of all federal claims, filed the day before the March 14, 2013 hearing.  (Dkt. No. 20.)  It is well-established that "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.  Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) (internal citation omitted).

Accordingly, the undersigned recommends that plaintiffs' motion to remand be denied.  In light of this recommendation, the undersigned also recommends that plaintiffs' request for costs and expenses associated with the allegedly improper removal be denied.

<u>Defendant Teichert's Motion to Dismiss</u>

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); <u>see also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

As an initial matter, the court observes that plaintiffs failed to file a timely opposition to defendant Teichert's motion to dismiss and failed to appear at the hearing on that motion. On these grounds alone, the court may dismiss plaintiffs' claims against defendant Teichert. See Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 230(c) ("No party will be entitled to be heard

in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party"). However, in their March 13, 2013 filing, plaintiffs indicated that they did not oppose defendant Teichert's motion, because they already addressed defendant Teichert's arguments in their complaint and because they were under the impression that the upcoming hearing was for further oral arguments. (Dkt. No. 20 at 3, 5.) They also indicated that they were preparing for a March 15, 2013 hearing, which might explain their failure to appear at the March 14, 2013 hearing. (Dkt. No. 20 at 3.) While these are by no means sufficient excuses for failure to comply with the Local Rules and failure to appropriately calendar and attend a noticed hearing, the court nonetheless considered plaintiffs' tardy filings in light of their pro se status and in the interests of justice.

In its motion to dismiss, defendant Teichert first argues that plaintiffs' claims are barred by the doctrine of claim preclusion. Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action...The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987); accord Headwaters

1  Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United

2  States, 321 F.3d 915, 920 (9th Cir. 2003).  "The central criterion in determining whether there is

3  an identity of claims between the first and second adjudications is whether the two suits arise out

4  of the same transactional nucleus of facts."  Owens, 244 F.3d at 714.

5          Before analyzing whether claim preclusion applies here, the court first considers

6  defendant Teichert's request for judicial notice of court documents related to a prior action.

7          *Defendant Teichert's Request for Judicial Notice*

8          Defendant Teichert requests that the court take judicial notice of pleadings and

9  orders from a previously dismissed action: Ungureaunu et al. v. A. Teichert & Son, Inc. et al.,

10 2:11-cv-316-LKK-GGH.  (Request for Judicial Notice, Dkt. No. 12 ["RJN"], Exs. 1-5.)[3]  The

11 undersigned grants defendant Teichert's request for judicial notice, because a court may take

12 judicial notice of court filings and other matters of public record, which are not subject to

13 reasonable dispute.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.

14 2006); Fed. R. Evid. 201(b).

15         Having taken judicial notice of the court documents from the prior action, the

16 court now proceeds to consider whether, for purposes of the application of claim preclusion,

17 there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity

18 between parties, with respect to the two actions.  Owens, 244 F.3d at 713.

19         *Identity of Claims*

20         The court filings from the prior action demonstrate that there is an identity of

---

[3] More specifically, defendant Teichert requests that the court take judicial notice of the following court documents from the prior action: Exhibit 1 (plaintiffs' first amended complaint, filed on February 11, 2011); Exhibit 2 (an order granting the defendants' motions to dismiss plaintiffs' first amended complaint, filed on December 22, 2011); Exhibit 3 (plaintiffs' second amended complaint, filed on January 18, 2012); Exhibit 4 (order granting defendant Teichert's motion to dismiss plaintiffs' second amended complaint with prejudice, filed on May 29, 2012); and Exhibit 5 (the adopted findings and recommendations in support of the order granting defendant Teichert's motion to dismiss plaintiffs' second amended complaint with prejudice, filed on April 2, 2012).

claims between the prior action and the instant action.  In comparing the second amended complaint from the prior action with the operative complaint in this action, many of the allegations are virtually identical and the suits arise from the same transactional nucleus of facts.  In both actions, plaintiffs allege discrimination, retaliation, and constructive termination based on Daniel's Romanian descent, his injuries suffered at the hands of co-workers, and his complaints regarding workplace violations; that defendant Teichert was negligent in its hiring, supervision, and discipline of the offending co-workers; and that defendant Teichert and others harassed Daniel through the worker's compensation system and committed fraud in an attempt to deny or reduce his benefits. (Compare Dkt. No. 1-1 at 4-33 with RJN, Ex. 3.)  Although plaintiffs added some claims to the instant action, such as claims for employment discrimination under California's Bane Civil Rights Act and Ralph Civil Rights Act, these claims are simply new legal theories arising from the same transactional nucleus of facts and could have been raised in the prior action.  See Owens, 244 F.3d at 713-14; C.D. Anderson & Co., 832 F.2d at 1100.

Furthermore, it is clear that both suits against defendant Teichert involve alleged infringement of the same rights, that substantially the same evidence would be involved in both actions, and that the rights or interests established in the prior judgment (discussed below), would be destroyed or impaired by allowing plaintiffs to prosecute the instant action against defendant Teichert.  C.D. Anderson & Co., 832 F.2d at 1100.

Accordingly, the court concludes that there is an identity of claims between the prior action and the instant action.

### *A Final Judgment on the Merits*

The court documents from the prior action also illustrate that there was a final judgment on the merits in that action, because the court in the prior action granted defendant Teichert's motion to dismiss plaintiffs' second amended complaint pursuant to Federal Rule of

////

////

Civil Procedure 12(b)(6) and dismissed plaintiffs' claims with prejudice. (RJN Exs. 4, 5.)[4] A dismissal "for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002). As such, this requirement for claim preclusion is satisfied.

In their March 13, 2013 filing, plaintiffs appear to assert that the judge's order dismissing their claims in the prior action was erroneous and "influenced by lies that defendant came up with." (Dkt. No. 20 at 2.) Because this is not the appropriate forum in which to seek review of an order and judgment in a prior action, the court declines to reach any of plaintiffs' arguments in that regard.

*Identity or Privity Between Parties*

There is no question that the prior action and the instant action involve the same parties, i.e., plaintiffs Daniel and Elizabeth, and defendant Teichert. Although the complaint in the instant action also includes allegations and claims against a new defendant, defendant Wolfson, such allegations and claims do not preclude the application of claim preclusion as to the claims against defendant Teichert.

In light of the above, the court finds that claim preclusion bars plaintiffs' claims against defendant Teichert, that defendant Teichert's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted on that basis,[5] and that plaintiffs' claims against defendant Teichert should be dismissed with prejudice. Although the court would ordinarily

---

[4] Indeed, in the associated findings and recommendations, the magistrate judge noted: "This should be the final time the claims in plaintiff's ever-changing complaint should be reviewed by this court." (RJN, Ex. 5 at 1.)

[5] In its motion, defendant Teichert also argued that plaintiffs' claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on other grounds, including that the claims are barred by issue preclusion and the applicable statutes of limitation. However, in light of the court's conclusion that plaintiffs' claims against defendant Teichert are barred by claim preclusion, the court finds it unnecessary to reach these alternative arguments.

11

grant pro se plaintiffs leave to amend, the bar of claim preclusion here cannot be overcome by more detailed factual allegations or further revision of plaintiffs' claims.  Accordingly, leave to amend would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The court also notes that defendant Teichert, at least at this juncture, has not requested sanctions against plaintiffs for refiling claims against defendant Teichert that were previously dismissed by this court.  *However, plaintiffs are cautioned that improperly refiling claims that are barred by the doctrine of claim preclusion may result in the imposition of appropriate sanctions, including monetary sanctions.*

Plaintiffs' Claims against Defendant Wolfson

As noted above, on March 13, 2013, defendant Wolfson also filed a motion to dismiss plaintiffs' claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6), presently set for hearing before the undersigned on April 18, 2013.  (Dkt. No. 19.)  However, plaintiffs' complaint does not allege any federal claims against defendant Wolfson – only state law claims of conspiracy and fraud.[6]

Therefore, because there are no federal claims remaining, the court declines to exercise supplemental jurisdiction over such state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim...if – the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Here, given that all federal

---

[6] Defendant Wolfson's motion to dismiss, out of an abundance of caution, addresses a potential federal claim under the Americans with Disabilities Act ("ADA") against him, but acknowledges that the claim appears to be directed to defendant Teichert.  (Dkt. No. 19-1 at 10.)  Indeed, plaintiffs' claim under the ADA does not contain any allegations regarding defendant Wolfson, does not implicate defendant Wolfson, and thus cannot serve as a basis for federal question jurisdiction here.  (Dkt. No. 1-1 at 28-30.)

claims have dropped out at this relatively early stage of the case, remand of the state law claims against defendant Wolfson is appropriate.  As such, the undersigned recommends that defendant Wolfson's motion to dismiss be denied without prejudice.  The undersigned expresses no opinion regarding the merits of defendant Wolfson's motion to dismiss, and defendant Wolfson remains free to challenge plaintiffs' claims on remand in state court, as appropriate.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendant Teichert's request for judicial notice (dkt. no. 12) is GRANTED.

2. The April 18, 2013 hearing on defendant Wolfson's motion to dismiss is VACATED.

3. The August 15, 2013 status conference in this matter is VACATED.  If necessary, the court will reset the date of that conference.

IT IS ALSO HEREBY RECOMMENDED that:

1. Plaintiffs' motion to remand, including the associated request for costs and expenses, (dkt. nos. 7, 20) be DENIED.

2. Defendant Teichert's motion to dismiss (dkt. no. 10) be GRANTED and plaintiffs' claims against defendant Teichert be DISMISSED WITH PREJUDICE.

3. The remainder of the action (plaintiffs' state law claims against defendant Wolfson) be REMANDED to the Sacramento County Superior Court.

4.  The Clerk be directed to serve a certified copy of this order on the Clerk of the Sacramento County Superior Court, and reference the state case number (34-2012-00132447) in the proof of service.

5. Defendant Wolfson's motion to dismiss (dkt. no. 19) be DENIED WITHOUT PREJUDICE.

6. The Clerk of Court be directed to close this case.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATE: March 14, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE